CONSOLIDATED GAS CO., RESPONDENT *v.*
RIECKHOFF, APPELLANT.
(No. 8401.)
(Submitted January 10, 1944. Decided February 29, 1944.)
[151 Pac. (2d) 588.]

2

*Mr. Cedor B. Aronow,* for Appellant, submitted an original and a reply brief, and argued the cause orally.

*Messrs. Harris & Hoyt,* for Respondent, submitted a brief; *Mr. G. G. Harris* argued the cause orally.

*Mr. Albert H. Angstman, amicus curiae,* submitted a brief on motion for rehearing.

*Messrs. James H. Kilbourne, James M. Haughey,* and *Coleman, Jameson & Lamey, amici curiae,* submitted a brief on petition for rehearing.

*Mr. Aronow* and *Mr. E. J. McCabe,* submitted a brief in answer to that of *Messrs. Kilbourne, Haughey,* and *Coleman, Jameson & Lamey,* above.

MR. JUSTICE ERICKSON delivered the opinion of the court.

This appeal is from a judgment quieting title to certain oil lands in the plaintiff, the Consolidated Gas Company. The appealing defendant, E. O. Rieckhoff, claims an interest in the land by reason of a lease and drilling agreement between the plaintiff's predecessor, Katherine L. Jones, and Rieckhoff.

Under the terms of the agreement Rieckhoff was granted a term of two years and as long thereafter as oil or gas was pro-

duced. The lease also specified that, if drilling was not commenced within the dates specified, by payment of a rental fee an extension could be had. The original lease started in September, 1937, and was for two years. No drilling was commenced within that time, and Rieckhoff procured and paid for two extensions of one year each. Prior to the end of the second extension a well was commenced and drilled to a depth of fifty feet. No further drilling has been done and no further extension was procured. Eight months later the plaintiff brought this suit to quiet title. As a defense to the suit the appealing defendant claims that the complaint does not state facts sufficient to constitute a cause of action, since no notice of default was alleged to have been given to Rieckhoff as was required under the terms of the contract. The fact is that no notice was given, but plaintiff takes the position that no notice was necessary, since the contract had terminated by reason of the fact that no oil or gas was produced within the original term.

The decisive question is whether or not, under the terms of the agreement, Rieckhoff could, after commencing the well within the time limited by the last extension, continue operations after the term had expired.

A reference to the contract discloses the provisions by which this question must be answered. They are:

"In consideration of one dollar, receipt whereof is hereby acknowledged, and of the covenants and agreements by said Lessee to be kept and performed, Lessor hereby grants, demises, leases and lets unto Lessee, for the purpose of mining and operating thereon for oil and gas, and of laying pipe line, building tanks and other structures thereon to produce and care for said products, together with necessary rights-of-way and other privileges for conducting said operations, that certain tract of land, situate in the County of Toole, State of Montana, described as follows, to-wit: Southwest Quarter (SW¼) of Section Three (3); the Northwest Quarter (NW¼) of Section Ten (10), Township thirty-two (32) North, Range two (2) West; containing 320 acres, more or less; for the term of two (2) years from date,

4

and so long thereafter as oil or gas is produced from said land by Lessee or his assigns.''

''If the drilling of a well for oil or gas be not commenced on said described land, or upon the land within portions of townships 32N Range 2 WMM., on or before 2nd day of September, 1939, and the drilling for said well be prosecuted with reasonable diligence in good and workmanlike manner until said well shall reach the first known oil or gas horizon (unless oil or gas in commercial quantities shall be encountered at a lesser depth), this lease shall terminate as to both parties, unless Lessee, on or before said date, shall pay to Lessor the sum of One Hundred Sixty Dollars ($160.00) as rental and for the privilege of deferring commencement of said well for twelve months. Upon like payments or tenders, the commencement of such well be further deferred for like periods.''

''If Lessee shall fail to commence the drilling of any well herein provided for, within the time specified the Lessee's rights hereunder shall thereupon terminate at the option of Lessor. If Lessee shall fail to perform any of the other terms or conditions hereof, then all of his rights hereunder shall terminate, unless Lessee shall perform the same within thirty days after written notice from Lessor specifying the condition or conditions wherein Lessee is at fault.''

The court has never passed upon a contract of this type under ▮ the conditions prevailing in this controversy. There have been decisions dealing with the question by courts of other states. They are in conflict. While the language of the leases differs somewhat, primarily they contain language to the following effect: First, that the lease shall cover a periof of ......................... years or as long thereafter as oil or gas is produced (this is known as the *habendum* clause); second, that if the well is not commenced before the period specified, the lease shall terminate unless the lessee pays a certain amount for the privilege of extending for one year the right to commence the well. (This is known as the development clause.)

The difficulty is apparent when it is noticed that the *haben-*

*dum* clause seems to contemplate a completion of the well within the term while the development clause speaks only of the beginning of the well within the term. One line of authorities, of which a leading case is *J. J. Fagan & Co.* v. *Burns,* 247 Mich. 674, 226 N. W. 653, 67 A. L. R. 522, holds that where the contract is for a fixed term with a provision for extension in the event of the production of oil or gas in paying quantities, or the drilling of a well within such term, strict compliance with this provision is a condition to the right to an extension of the contract. And this is true notwithstanding the provision which seems to give to the lessee the right to an extension of the term by merely commencing to drill a well.

The other line of authorities, of which *Hicks* v. *Mid-Kansas Oil & Gas Co.,* 182 Okl. 61, 76 Pac. (2d) 269, is a leading case, holds that every provision in the contract must be made effectual if possible, and that the intent of the parties, if it can be made to appear from all provisions, must govern the interpretation. In the *Hicks Case* the court held a contract, for all main purposes the same as the one here under consideration to give the lessee, who had begun the drilling before the expiration of the term, the right to finish the well after the term had expired. (See, also, *Simpson* v. *Buckner's Adm'r,* 247 Ky. 564, 57 S. W. (2d) 464; *Simons* v. *McDaniel,* 154 Okl. 168, 7 Pac. (2d) 419.)

The reasoning of the Oklahoma cases appeals to us to have a more sound rule of construction. While there may be some features of oil and gas leases which inject new considerations in the rule of construction of contracts, we think that in this instance the ordinary rule of contract must apply.

There is no question but what the development clause, if it be given effect, modifies the term clause and the situation here is the same as if the well was commenced during the original term. A reading of the provisions of the contract here involved indicates but one construction which will consistently give effect to all of the provisions and indicate what the intent of the parties was. That is that the lessee must commence the drilling within the term and prosecute the same with diligence to its completion

and that he may complete the well after the term had expired. To hold as is contended for by the plaintiff would give no effect to certain provisions of the agreement as was done in the *Fagan Case,* supra. This we cannot do.

The contract is clear that the only contingency which would operate to *ipso factor* terminate the contract and obviate the necessity of notice would be the failure to commence the well within the term. Since there is no question but that the well was commenced in time, the only thing which can operate to terminate the contract would be a breach of the covenant to diligently perform. Before the question of diligence can be litigated, the plaintiff must, under the terms of the agreement, allege and prove that a notice of default was given and no sufficient effort to remedy the default was made. This was not done and we must therefore hold that the complaint fails to state facts to constitute a cause of action.

The judgment is reversed with directions to dismiss in so far as the appealing defendant is concerned.

Mr. Chief Justice Johnson and Associate Justices Anderson, Morris and Adair concur.

Rehearing denied October 2, 1944.